**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **JACK HALE,** | **)** | |
| | **)** | |
| **Plaintiff,** | **)** | |
| | **)** | |
| **vs.** | **)** | **No. 09 C 4918** |
| | **)** | |
| **OFFICER COOPER, Star No. 17206; SGT. C BROWN, Star No. 2235; OFFICER J. HOLT, Star No. 3373, and THE CITY OF CHICAGO,** | **)** | **Judge Kennelly** **Magistrate Judge Brown** |
| | **)** | |
| **Defendants.** | **)** | |

**DEFENDANTS MOTION FOR JUDGMENT AS A MATTER OF LAW OR MOTION FOR REMITTITUR PURSUANT TO RULES 50 AND 59 OF THE FEDERAL RULES OF CIVIL PROCEDURE**

Now Come the Defendants, OFFICER DERONIS V. COOPER, OFFICER JOE A. HOLT and SGT. CORNELIUS R. BROWN, ("Defendant Officers") and CITY OF CHICAGO (Defendant City")(collectively referred to as "Defendants"), by and through their attorneys, Martin P. Green and Carl K. Turpin of the law firm of GREENE AND LETTS submit the following motion for judgment as a matter of law under Federal Rule of Civil Procedure 50(b) or in the alternative, remittitur under Federal Rule of Civil Procedure 59(3). In support of this motion Defendants state:

## INTRODUCTION

This matter was tried before this Court from May 23, 2011 through May 26, 2011. Plaintiff advanced several claims: (1) improper detention; (2) false arrest; (3) excessive force; and (4) malicious prosecution. On May 26, 2011, a federal jury rendered a verdict for plaintiff in the amount $50,000.00 against Defendants on the false arrest, excessive force and malicious prosecution counts. The jury returned a verdict on the

improper detention in favor of the Defendants. The jury awarded punitive damages totaling $8,500.00, against Sergeant Brown ($5,000.00); Officer Cooper ($2,500.00) and Officer Holt ($1,000.00)

Defendants move this Court for Judgment as a Matter of Law as there was insufficient evidence presented at trial for the Plaintiff to prevail on any of his claims. In the alternative, Defendants move this Court to set aside or significantly reduce both the jury's compensatory and punitive damage awards because the awards are "monstrously excessive".

## **FACTS**

1. Plaintiff was a former Marine and while in the Marines he had training in explosives.

2. Prior to August 25, 2008, Plaintiff had never been arrested.

3. Plaintiff had never met the Defendants Cooper, Holt and Brown prior to August 25, 2008.

4. On August 25, 2009, Defendant Cooper was a Chicago Police Department police officer assigned to the 3rd District Gang Enforcement Unit.

5. On August 25, 2009, Defendant Holt was a Chicago Police Department police officer assigned to the 3rd District Gang Enforcement Unit.

6. On August 25, 2009, Defendant Brown was a Chicago Police Department police officer assigned to the 3rd District Gang Enforcement Unit as a Sergeant. 16.

7. Defendant Cooper, Holt and Brown started their work shift at 3:00 pm and were on routine patrol of the 3rd District.

9. The area in and around 71st and Jeffery Blvd is considered a high crime area. Jeffery Avenue a north and south bound two land highway. Cars may park on both the east and west side of the street. 71st Street near Jeffery Avenue is west and east bound two lane highway with parking on the north and east side. Train tracks are located between the two lanes.

10. On August 25, 2008, the 3rd District Police Station was located on 71st and Cottage Grove, Chicago, Illinois about five miles from 71st and Jeffery Blvd.

11. Based on the Defendants observation of plaintiff committing traffic violations of failure to signal a left turn, obstructing traffic, and moving a vehicle out of its lane, the Defendant Officers activated the emergency flashes and stopped the plaintiff about 20 feet after his turn onto Jeffery going Northbound.

12. All three Defendants approached the Plaintiff's vehicle, Defendant Holt was the business officers on the driver's side window, Defendant Cooper was on the passenger side and Defendant Brown was on several feet behind Defendant Holt.

13. Defendant Holt requested that the Plaintiff produce his driver's license and proof of insurance.

14. Plaintiff became very hostile and shouted "I know explosives and I'll blow you M-Fs up.

15. Defendant Holt requested that the Plaintiff exit the vehicle.

16. Plaintiff demanded to see a supervisor.

17. Defendant Cooper drew his duty issued weapon and held it at his side.

18. Defendant Brown approached the Plaintiff's vehicle passenger window and identified himself as a supervisor and the Plaintiff exit the vehicle.

19. Defendant Brown ordered the Plaintiff to walk to the rear of his vehicle and place his hands on the trunk.

20. Plaintifff walked to the rear of the vehicle but refused to be handcuffed.

21. Defendant Brown struck the plaintiff one time across the leg with his expandable baton.

22. Defendant Cooper and Holt wrestled the Plaintiff to the ground and Officer Cooper handcuffed the Plaintiff.

23. Defendant Cooper, Holt and Brown asked the Plaintiff if he needed medical attention, but he refused.

24. Plaintiff was placed in the back of the police vehicle with Defendant Brown and Officer Cooper attempted to drive the Plaintiff's vehicle but was not successful because he viewed the vehicle as unsafe. Officer Cooper traded places with Defendant Holt and drove the police squad car to the 3rd District.

25. At the 3rd District Station, the Plaintiff walked from the squad car to the station without assistance.

26. After several hours in the 3rd Station, Plaintiff requested medical attention. As a result, Officer Darryle Jones and Sergeant Darrye Brown transported the Plaintiff to South Shore Hospital.

27. Officer Jones's was unable to unlock the handcuffs on the Plaintiff and requested that Defendant Cooper bring his handcuffed keys to remove the handcuffs.

28. Officer Cooper arrived at the hospital and removed the handcuffs.

29. Plaintiff refused to be examined or treated by the Emergency Room physician and signed a notice that he was refusing medical services.

30. At the 3rd District Station, Plaintiff's handcuffs were removed and he was placed in the lockup and charged with:

A. Obstruction of a police officer

B. Aggrevated Assault

C. Issuing treats to a police officer

D. Motor vehicle citation: obstructing traffic

E. Motor vehicle citation: failure to signal a left turn

F. Motor vehicle citation: driving a dangerous vehicle

G. Motor vehicle citation: illegal lane change

31. At the general court appearance, the charges against the Plaintiff were dismissed.

## I. DEFENDANTS ARE ENTITLED TO JUDGEMENT AS A MATTER OF LAW BECAUSE THERE IS INSUFFICIENT EVIDENCE TO SUPPORT THE PLAINTIFF'S CLAIMS

Under Federal Rule of Civil Procedure 50(b), if the court denies a motion for judgment as a matter of law under rule 50(a), the movant may renew its request for judgment as a matter of law by filing a motion no later than 28 days after the entry of judgment. FRCP 50(b). A judgment as a matter of law is appropriate when "a party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to have found that party with respect to that issue. *Reeves v. Sanderson Plumbing Prods.,* 530 U.S. 133, 149 (2000). There was insufficient evidence presented at trial for a reasonable jury to find in favor of plaintiff on the false arrest claims. Because the false arrest claims fail, the remaining claims must also fail. As such we will address the false arrest claim.

### A. Plaintiff's False Arrest Claims: There was insufficient Evidence the Defendants Lacked Probable Cause

Given the facts known to the Defendants at the time Plaintiff was taken into custody, a reasonable officer would have had reason to believe that Plaintiff committed several traffic violations and issued a threat against the Officer.

The Fourth Amendment protects "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." *Devenpeck v. Alford,* 543 U.S. 146, 152 (2004). A warrantless arrest by a law enforcement officer is reasonable under the Fourth Amendment where there is probable cause to believe that a criminal offense has been or is being committed. *Id.* In order for a plaintiff to state a Section 1983 claim for arrest without probable cause, the plaintiff must allege that probable cause did not support the arrest. *Sterling v. W. Kazamierczak*, 983 F. Supp.1186, 1190 (N.D.Ill.1997).

An essential predicate to any 42 U.S.C. Section 1983 claim for false arrest is the absence of probable cause. *Kelley v. Myler,* 149 F.3d 641, 646 (7th Cir.1998). Accordingly, probable cause is an absolute bar to a claim of false arrest asserted under the Fourth Amendment and Section 1983. *Stokes v. Board of Educ. of the City of Chicago*, 59 F.3d 617, 622 (7th Cir.2010). That absolute bar applies regardless of the defendants' motivation, even where the officers overreacted, acted inappropriately, unprofessionally or even maliciously. *Mustafa v. City of Chicago*, 442 F.3d 544, 547 (7th Cir. 2006). Law enforcement officers have probable cause to arrest an individual when "the facts and circumstances within their knowledge and of which they have reasonably trustworthy information are sufficient to warrant a prudent person believing

that the suspect had committed" or was committing an offense. *Mustafa*, 442 F.3d at 547.

"The court evaluates probable cause not on the facts as an omniscient observer would perceive them, but rather as they would have appeared to a reasonable person in the position of the arresting officer." *Mustafa,* 442 F.3d at 547. (internal quotations omitted). Therefore, courts evaluate probable cause on the facts as they would have appeared to a reasonable person in the position of the arresting officer – seeing what he saw, hearing what he heard. *Mahoney v. Kesery*, 976 F.2d 1054, 1057 (7th Cir.1992). The test, an objective one, is whether a reasonable officer would have believed the person committed a crime; if so, the arrest is lawful even if the belief would have been mistaken. *Kelley*, 149 F.3d at 646.; *see also Sheik-Abdi v. McClellan*, 37 F.3d 1240, 1243 (7th Cir.1994)(holding probable cause has been described as a zone within which reasonable mistakes will be excused). Additionally, an officer does not have to choose the correct charge. The Seventh Circuit explained that "police officers are not required to be legal scholars. . . the arresting officer's knowledge of facts sufficient to support probable cause is more important to the evaluation of the propriety of an arrest than the officer's understanding of the legal basis for the arrest. *Biddle v. Martin*, 992 F.2d 673, 676 (7th Cir.1993), citing *Richardson v. Bonds*, 860 F.2d 1427 (7th Cir.1988). So long as the facts known to him at the time would provide probable cause for an arrest on a charge based on those facts, the arresting officer has probable cause. *Driebel v. City of Milwaukee*, 298 F.3d 622, 644 (7th Cir. 2002). Additionally, the court does not ask whether the arresting officer knew the truth or whether he should have known more. *Washington v. Haupert,* 481 F.3d 543, 547 (7th Cir. 2007). Finally, the U.S. Supreme

Court has ruled that an officer may arrest an individual without violating the Fourth Amendment if there is probable cause to believe that the offender has committed even a very minor criminal offense in the officer's presence. *Atwater v. City of Lago Vista,* 532 U.S. 318, 322 (2001).

**B. Plaintiff was Unable to Demonstrate that the Officers Used Excessive Force.**

Our Fourth Amendment jurisprudence has long recognized that the right to make an arrest or investigatory stop necessarily carries with it the right to use some degree of physical coercion or threat thereof to effect it. Graham v. M.S. Connor, 490 U.S. 386, 396 (1989). Determining whether the force used to effect a particular seizure is "reasonable" under the Fourth Amendment requires a careful balancing of "the nature and quality of the intrusion on the individual's Fourth Amendment interests'" against the countervailing governmental interests at stake. Id. A claim that a police officer has used excessive force in the course of an arrest or other seizure of a citizen is addressed to the reasonableness of the seizure, under the standards established by the Fourth Amendment. Gonzalez v. City of Elgin, 578 F.3d 526, 539 (7th Cir.2009). An officer's use of force is unreasonable from a constitutional point of view only if, judging from the totality of the circumstances at the time of the arrest, the officer used greater force than was reasonably necessary to make the arrest. Id.

The calculus of reasonableness must embody allowance for the fact that police officers are often forced to make split-second judgments – in circumstances that are tense, uncertain, and rapidly evolving – about the amount of force that is necessary in a particular situation. Graham, 490 U.S. at 396-97. In order for a plaintiff to establish that

the force used during an arrest was plainly excessive requires factual development. Thurman v. Village of Hazel Crest, 570 F. Supp.2d 1019, 1028 (N.D.Ill.2008).

In the case at bar, Plaintiff cannot establish that the Defendant Officer used excessive force during Plaintiff's arrest. An officer who has the right to arrest an individual also has the right to use some degree of physical force or threat or force to effectuate that arrest. Stainback v. Dixon, 569 F.3d 767, 772 (7th Cir.2009). However, a review of the totality of the circumstances at the time of Plaintiff's arrest does not suggest that the Officer used excessive force to arrest Plaintiff.

**C. THE MALICIOUS PROSECUTION VERDICT MUST**

To state a claim for malicious prosecution, a plaintiff must prove five elements: (1) the commencement or continuance of an original criminal or civil judicial proceeding by the defendant; (2) the termination of the proceeding in favor of the plaintiff; (3) the absence of probable cause for such proceeding; (4) the presence of malice; and (5) damages resulting to the plaintiff. Ritchey v. Maksin, 71 Ill.2d 470, 475 (1978). If the absence of one or more of these essential elements has been established to the point that it may fairly be said that no genuine issue of fact as to its absence exists, summary judgment is appropriate. Joiner v. Benton Community Bank, 82 Ill.2d 40, 45 (1980); Fabiano v. City of Palos Hills, 336 Ill.App.3d 635, 641 (1st Dist. 2002)("All of these elements must be established; the failure to establish even one element will preclude recovery for malicious prosecution.") Thus, if it appears that there was probable cause to institute proceedings, such fact alone constitutes an absolute bar to an action for malicious prosecution. Turner v. City of Chicago, 91 Ill. App.3d 931, 934 (1st Dist. 1980); Mangus v. Cock Robin Ice Cream Co., Inc., 52 Ill.App.3d 110, 116 (1st Dist.

1977). Accordingly, probable cause is a complete defense to a malicious prosecution action. Howard v. Firmand, 378 Ill.App.3d 147, 150 (1st Dist. 2007).

Probable cause has been defined in a malicious prosecution case involving criminal proceedings as a state of facts that would lead a person of ordinary caution and prudence to believe, or to entertain an honest and strong suspicion, that the person arrested committed the offense charged. Johnson v. Target Stores, Inc., 341 Ill.App.3d 56, 72 (4th Dist.2003). It is the state of mind of the one commencing the prosecution, and not the actual facts of the case or the guilt or innocence of the accused, that is at issue. Id.

Thus the verdict of Malicious Prosecution must be overturned.

## II. IN THE ALTERNATIVE, DEFENDANTS ARE ENTILED TO A SIGINIFCANT REDUCTION IN THE JURY'S COMPENSATORY AND PUNITIVE DAMAGE AWARDS

Compensatory damages are intended to redress a concrete loss that a plaintiff suffered by reason of a defendant's wrongful conduct. *Waits v. City of Chicago* 2003 WL 21310277 at *2 (N.D. Ill. June 6, 2003). The purpose of compensatory damages is to make the plaintiff whole. *Douglass v. Hustler Magazine, Inc.* 769 F.2d 1128, 1146 (7th Cir. 1985). Punitive damages are aimed at deterrence and retribution. *Waits,* 2003 WL 213102772 at *2. A jury has wide discretion in determining damages, but the damages must have a reasonable basis. *Mason v. City of Chicago*, 641 F. Supp.2d 726, 729 (N.D.Ill 2009). A court is granted wide discretion when considering a motion for remittitur. *U.S ex rel. Tyson v. Amerigroup Illinois, Inc.* 488 F.Supp.2d 719, 737-8 (N.D.Ill. 2007). If a Court determines that a damage award is excessive, a remittitur is

an appropriate remedy. *Spina v. Forest Preserve Cook County,* 207 F. Supp.2d 764, 771. (N.D.Ill. 2002), *citing Davis v. Consolidate Rail Co., 788 F.2d 1260 (7th Cir.1986).*

The trial judge may set aside a grossly excessive verdict and appellate review is limited to an abuse of discretion because the trial judge has superior ability to assess its fairness and competence, by virtue of first-hand observation. *Abernathy v. Superior Hardwoods, Inc.* 704 F.2d 963, 972 (7th Cir. 1983). The bottom line for the court's analysis in deciding whether to remit is whether the verdict was reasonable. *Id.* For the reasons discussed below, Defendants move this Court to set aside or significantly reduce the jury's compensatory and punitive damage awards.

**A. Compensatory Damages**

The Seventh Circuit has directed district courts to use three criteria to review awards: 1) whether the award is monstrously excessive; 2) whether there is a rational connection between the award and the evidence indicating that it is merely a product of the jury's fevered imaginings or personal vendettas; and 3) whether the award is roughly comparable to awards made in similar cases. *Mason,* 641 F. Supp.2d at 729. The Seventh Circuit explained in *Taliferro v. Augle,* the issue is not the credibility of any of the witnesses, it is whether the plaintiff put in enough evidence to justify the jury's award of damages, even assuming that all the evidence is credible. 757 F.2d 157 (7th Cir. 1985).

In this case, the jury's $50,000.00 award is not justified. The award is excessive, not rationally connected to the evidence, and not comparable to similar cases. Plaintiff offered very little testimony, if any, regarding physical damages. Additionally, he did not offer any credible evidence demonstrating emotional damages. The jury's verdict is

based on the lack of evidence, shows that the verdict was unreasonable, and clearly appears to be the result of personal vendetta, passion and prejudice. Thus should be remitted.

**B. Punitive Damages**

The defendant officers' conduct also does not warrant an award of punitive damages nor will such an award achieve the goals of punishment and deterrence. Given the facts in this case, the total punitive award of $8,500.00 is excessive thus should be set aside.

Punitive damages should only be awarded if the defendant's culpability, is so, reprehensible to warrant the imposition of further sanctions to achieve punishment or deterrence. *State Farm Mutual Automobile Insurance Co. v. Campbell,* 123 S.CT.1513, 1521(2003). In Section 1983 cases, a jury may award punitive damages if it finds that a defendant's conduct was motivated by evil intent or callous indifference to plaintiff's federally protected rights. *Waits*, 2003 WL 2131027 at * 4.

The Supreme Court has directed courts to focus on several general guide posts to determine if an award is excessive. When making a determination of whether a punitive damage award is excessive, courts must consider: 1) the degree of reprehensibility of the defendants conduct; 2) the relationship between the amount of the punitive damage award and the harm or potential harm suffered by the plaintiff; and 3) sanctions imposed in other cases. *Id.* Additionally, courts may also consider the financial impact that an award will have on the defendant. See *Merriweather v. Family Dollar Stores of Ind., Inc.,* 103 F.3d 576, 581 (7th Cir. 1996).

Notwithstanding the above, if the Court decides that this case warrants punitive damages, the amount of the award should be no more than $250.00 for each defendant.

The defendant officers' conduct in this case cannot be characterized as reprehensible. The jury heard evidence of the conduct of each officer:

Respectfully submitted,

DEFENDANTS

By:/s/ *Carl K. Turpin*
Carl K. Turpin

Martin P. Greene
Carl K. Turpin
GREENE AND LETTS
111 W. Washington St.
Suite 1650
Chicago, Illinois 60602
(312) 346-1100

X:\CITY OF CHICAGO\HALE 0059-00039\Post Trial\06 23 11 Motion for Judgment as a Matter of Law or for Remittitur.docx